UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:
SIERRA L DIATA
DOUGLAS T DIATA
66663 M 66

STURGIS          MI   490091

Debtor(s)  /

Case No:    D K  24-02700
Date Filed:  10/17/24
Chapter 13
Honorable:  Scott W. Dales.

## TRUSTEE'S MOTION TO DISMISS THE CHAPTER 13 PROCEEDINGS AND NOTICE OF MOTION PURSUANT TO 11 U.S.C. 1307(c)

The Chapter 13 Trustee, **Brett N. Rodgers**, hereby moves this Court to dismiss the above captioned Chapter 13 case for the following reasons pursuant to 11 U.S.C. 1307(c):

(X)  1307(c)(1)  Unreasonable delay by the debtor that is prejudicial to creditors:

   (X)  Failure to cooperate with the Trustee and provide the following documents pursuant to 11 U.S.C § 521 and Bankruptcy Rule 4002: payroll order, recorded deed, Kellogg Community Credit Union bank statements, Kellogg Community Credit Union business bank statements, 2010 GMC Yukon title, and proof of vehicle insurance

(X ) Section 1325(a)(3) and 1325 (b)(1)(B)- The plan is not proposed in good faith and debtor does not commit all projected disposable income for the applicable commitment period for the following reasons: The Debtors' budget includes unreasonably high expenses for a household of 2 which include, but are not limited to the following: $550 per month for phone, internet and cable, $612 per month to retain a Kubota tractor that the Debtors owe $73,822.72 on when Debtors only have 2 acres of land, and $565 per month for 2020 Keystone Montana.

The Trustee's review of the Debtor wife's last 5 paystubs also reflects an average net income of $3,040.30 per month which is $1,251.58 more than Schedule I currently projects.

(X) Section 1322(d) - Plan exceeds 60 months. The case is currently projected to run 129 months. Failure to amend Plan to increase payments to $2,000 per month to address feasibility.

However, the Trustee would note that two claims that were scheduled by the Debtors as unsecured debts were filed by the creditors as secured cross-collateralized loans. If the Debtors amend their Plan to provide these two claims secured treatment, then the case will run 142 months and payments will need to be increased to $2,270 per month to address feasibility.

(X)  Other: Plan payment arrears in the amount of $950.00; Debtors' first payment was due on 11/16/2024 and to date no payments have been received by the Trustee.

Failure to amend Schedule A/B to list address of where cabin is located. Failure to amend Plan III.C.3 to provide secured treatment for Internal Revenue Service based on filed proof of claim. Failure to amend Plan, as needed, to provide secured treatment for cross-collateralized loans with Kellogg Community Credit Union.

   Note:  As a result of the above Motion being made, your case could be converted to a Chapter 7 case.

### NOTICE OF MOTION

    Take notice that if a timely response is filed the within motion will be heard before the Honorable Scott W. Dales on January 22, 2025, at 9:00 A.M.  This hearing will be held at Federal Building, U.S. Courthouse, Room 114, 410 W. Michigan Avenue, Kalamazoo, MI 49007.

  If you wish to oppose the Motion you must file a written response with the Bankruptcy Court at One Division Ave.,N. Room 200, Grand Rapids, MI  49503 and serve a copy upon the Chapter 13 Trustee at 3350 Grand Ridge Dr NE Suite 200, Grand Rapids MI 49525 within 30 days of the date on which the Bankruptcy Noticing Center (BNC) served this Motion to Dismiss.  The response filed must comply with Local Bankruptcy Rule 9013(d) and must state with particularity the reasons why the Trustee's Motion should not be granted.  If a timely response is not filed, the Chapter 13 Trustee may at any time after the expiration of the 30 day period, file with the Court a certificate stating that no timely response or request for hearing has been filed together with a proposed Order Dismissing the case and cancel the scheduled hearing date as moot.

Dated:  11/18/2024                 **/s/ Brett N. Rodgers**
                                    **Brett N. Rodgers, Trustee**

## PROOF OF SERVICE

 This Motion to Dismiss was served electronically upon the attorney for the debtor(s), if applicable, and the debtor(s) by the BNC.

**ATTORNEY FOR DEBTOR(S):**   ACCLAIM LEGAL SERVICES, PLLC