UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: | Case No:   D K  24-02700 |
| SIERRA L DIATA | Date Filed:   10/17/24 |
| DOUGLAS T DIATA | Chapter 13 |
| 66663 M 66 | Honorable:  John T. Gregg |

STURGIS            MI    490091
                    Debtor(s)
_____/

## TRUSTEE'S OBJECTION TO CONFIRMATION
## OF DEBTOR'S PLAN AND PROOF OF SERVICE

   Now comes the Chapter 13 Trustee, BRETT N. RODGERS, and objects to the Debtor's(s) Chapter 13 Plan for failure to comply with the below indicated confirmation standards:

(X ) Section 1325(a)(3) and 1325 (b)(1)(B)- The plan is not proposed in good faith and debtor does not commit all projected disposable income for the applicable commitment period for the following reasons: The Debtors' budget includes unreasonably high expenses for a household of 2 which include, but are not limited to the following: $550 per month for phone, internet and cable, $612 per month to retain a Kubota tractor that the Debtors owe $73,822.72 on when Debtors only have 2 acres of land, and $565 per month for 2020 Keystone Montana.

The Trustee's review of the Debtor wife's last 5 paystubs also reflects an average net income of $3,040.30 per month which is $1,251.58 more than Schedule I currently projects.

(X) Section 1326(a)(1) - Failure to timely commence making payments under the plan. Debtor is currently $950.00 in arrears; Debtor's first payment was due on November 16, 2024 and to date no payments have been received by the Trustee.

(X) Section 1322(d) - Plan exceeds 60 months. The case is currently projected to run 129 months. Failure to amend Plan to increase payments to $2,000 per month to address feasibility.

However, the Trustee would note that two claims that were scheduled by the Debtors as unsecured debts were filed by the creditors as secured cross-collateralized loans. If the Debtors amend their Plan to provide these two claims secured treatment, then the case will run 142 months and payments will need to be increased to $2,270 per month to address feasibility.

(X) 11 USC Section 521 and Bankruptcy Rule 4002 - failure to cooperate with the Trustee to provide the following requested documents: payroll order, recorded deed, Kellogg Community Credit Union bank statements, Kellogg Community Credit Union business bank statements, 2010 GMC Yukon title, and proof of vehicle insurance

(X) Other: Failure to amend Schedule A/B to list address of where cabin is located. Failure to amend Plan III.C.3 to provide secured treatment for Internal Revenue Service based on filed proof of claim. Failure to amend Plan, as needed, to provide secured treatment for cross-collateralized loans with Kellogg Community Credit Union.

Dated:  11/18/2024                              /s/  Brett N. Rodgers
                                                        Brett N. Rodgers, Trustee

**PROOF OF SERVICE**

This Objection to Confirmation was served electronically upon the attorney for the debtor(s), if applicable, and the debtor(s) by the BNC.

**ATTORNEY FOR THE DEBTOR(S):**          ACCLAIM LEGAL SERVICES, PLLC